## Case No. 18,097.

### WRIGHT v. UNITED STATES.

[1 Hayw. & H. 201.] [1]

Circuit Court, District of Columbia. June 4, 1844.

FALSE-PRETENSES—EVIDENCE OF SIMILAR CRIMES.

It is not error in the court to allow evidence to go to the jury in a trial for obtaining money under false pretenses that the prisoner made false representations to other persons for the purpose of obtaining money; but it is error to allow evidence to go to the jury that the prisoner had obtained money by means of said representations.

At law. In error from the criminal court. [William S. Wright] indicted for obtaining money under false pretenses.

James Hoban, for prisoner.
Philip R. Fendall, for the United States.

The prisoner was convicted and sentenced to suffer imprisonment and labor in the penitentiary of the District of Columbia for the period of two years. Exceptions were made to the admissibility of the following evidence: The testimony of Mr. Hawley: That the prisoner borrowed ten dollars from him about seven years ago upon statements of the prisoner that he had shipped large quantities of cotton to the North; that he was a son of the collector of the port of St. Johns, Nova Scotia; that he was very intimate with a number of clergymen and spoke familiarly of them, and concerning them, and that he knew several bishops, among them—the bishops of Nova Scotia, of Massachusetts, and of South Carolina—with all of whom Mr. Hawley, the witness, was acquainted; on the strength of which asserted acquaintance of the prisoner the witness lent the money; that the money never was repaid him; that he does not know whether these statements were true or false. And further testimony of J. M. Cutts: That the prisoner called on him to borrow money some two years ago and said that he had certain papers and deeds of Mr. Madison which he had lost, and that he was out of money; that he does not know whether those statements were true or false; that he called himself Scott; that witness gave him no money.

After argument by counsel and on consideration by the court, the following opinion was rendered: That the criminal court did not err in allowing evidence to go to the jury that the prisoner had represented himself to Mr. Hawley, a witness in this cause, as a son of the collector of the port of St. Johns, in Nova Scotia, or that the prisoner represented himself to J. M. Cutts, another witness in the cause, as being named Scott; that the said criminal court erred in allowing evidence to go to the jury that the prisoner had obtained money from the said Mr. Hawley by means of the representations set out in the bill of exceptions, and it is ordered and adjudged by this court that the judgment of the said criminal court in this cause be reversed and that this cause be remanded, with directions to award a venire facias de novo.